**Walter HAEGELE and Judith Eisenbeiss, Plaintiffs-Appellants,**

v.

**SOUTHWEST RESEARCH INSTITUTE, Defendant-Appellee.**

No. 26903.

United States Court of Appeals
Fifth Circuit.

April 28, 1969.

Groce, Hebdon, Fahey & Smith, Ray A. Weed, San Antonio, Tex., English, Cianciulli, Reisman & Peirez, David H. Peirez, Mineola, N. Y., for plaintiffs-appellants.

Joe P. Smyer, Paul H. Smith, Cox, Smith, Smith, Hale & Guenther, San Antonio, Tex., for defendant-appellee; Richard S. Woodbury, San Antonio, Tex., of counsel.

Before GEWIN, McGOWAN * and MORGAN, Circuit Judges.

PER CURIAM:

Appellants are research scientists who were hired by appellee, a non-profit research institute, on terms which failed to prescribe any fixed period for their employment. Appellants assert that, even if their employment be regarded in law as normally terminable at will by appellee, that rule does not obtain here because the reason for their termination was contrary to public policy. That reason was, they say, that appellant Haegele, although working full time on a reimbursable cost contract with an agency of the Federal Government, was directed by appellee to charge half of that time to appellee's general overhead. This, appellants allege, was a fraud upon the Government which they would not take part in or otherwise countenance, and it was for this that they were discharged.

The District Court, by earlier denying appellee's motion to dismiss and for summary judgment, afforded appellants a full opportunity to prove their contentions. A trial began before a jury and continued until the close of appellants' case. At that point, after hearing ar-

* Judge Carl McGowan of the District of Columbia Circuit, sitting by designation.

gument, the court directed a verdict for appellee, and this appeal is from that action.

We find no error. The evidence adduced by appellants itself showed that the Government received a reduction in cost, rather than an increase, in consequence of appellee's methods of charging time. In this court appellants argue that, although this may have been true in the short run, there are other factors entering into the planning of Government research which would have been subverted by this practice. But this is a nebulous claim wholly unsupported by any evidence at trial; and we note that no effort was made at that time to elicit evidentiary support for it from witnesses who would presumably have been aware of it if it existed. Neither is it asserted that appellee's charging practice in this instance was forbidden by any statute or regulation.

In no view of the matter supportable by the record did the District Court err in concluding that there was no occasion to submit this matter to the jury. The judgment appealed from is, accordingly,

Affirmed.